**H. R. BURDEN, Appellant,**

v.

**Filemon VALDEZ, Appellee.**

No. 4650.

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1967.

Rehearing Denied Dec. 21, 1967.

Moore & McCarty, Ennis, for appellant.

Chancellor & Wood, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in a trespass to try title suit.

Plaintiff Burden sued defendant Valdez for title and possession to 19.42 acres of land in the R. de la Peno II League Grant in Ellis County. Defendant answered by plea of not guilty and plead the 10 and 25 year Statutes of Limitations. Plaintiff and defendant are adjacent landowners, and the controversy is actually a boundary dispute. It was undisputed that Smith Creek was the common boundary between the parties' property, but a dispute existed as to the true location of Smith Creek. Trial was to a jury which, in answer to issues submitted, found:

1) The true dividing line between the land of plaintiff and defendant was "Smith Creek in Line A of the Martin Survey in evidence." (This was the line contended for by defendant.)

2) Defendant Valdez and those under whom he claims have held peaceable and adverse possession of the land in controversy for 10 consecutive years prior to November 28, 1964.

3) Defendant Valdez and those under whom he claims have held peaceable and adverse possession of the land in controversy for a period of 25 years prior to November 28, 1964.

The trial court entered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on 6 points, contending there is "no evidence" and "no competent evidence" to support the jury's answers to Issues 1, 2 and 3.

**DIAGRAM**

Both plaintiff's and defendant's deeds call for "Smith Creek" as the boundary. Plaintiff contended the true line of Smith Creek was "Line B"; defendant contended the true line of Smith Creek was "Line A." There are 19.42 acres between the 2 lines. As noted, the jury found the true dividing line between the parties' land was "Smith Creek in Line A." The evidence reflected that there was a draw at both Line A and Line B, and the evidence is disputed as to which line was the true or original Smith Creek. The witness Pritchard testified he leased the land now owned by defendant from the then owner, Aetna Life Insurance Company, and pastured it from 1925 until 1939, when a Mr. Mullican purchased the land; that he knew where Smith Creek was, and that it was at "Line A." The witness Mullican who owned the land defendant now owns, testified he knew where Smith Creek was, and that it was at "Line A." The surveyor Martin testified that there are large 4 and 5 foot diameter trees on Line A, and that the trees on Line B were all relatively small.

We think the jury's answer to Issue 1 sustained by ample evidence.

The jury further found defendant and those under whom he claims were in peaceable and adverse possession of the disputed 19.42 acres for 10 and 25 years prior to November 28, 1964. The witness Pritchard leased the land now owned by defendant from Aetna Life Insurance Company in 1925 and raised cane and ran cows on the disputed acreage; was in actual possession until the place was purchased in 1939 by Mr. Mullican. The witness Mullican testified he was in actual possession farming or pasturing the disputed acreage until he sold to defendant in 1962. The witness Mullican testified there was a fence at Line A when he bought the place; that he claimed to own it against the whole world; that he was in continuous possession of it until he sold to defendant in 1962; that he used all the property up to Line A.

We think the evidence ample to support the jury's answers to Issues 2 and 3.

The judgment is correct. All plaintiff's points and contentions are overruled.

Affirmed.